### WIENER v. RAUNHEIM et al. (two cases).

(Supreme Court, Appellate Division, First Department.   April 20, 1916.)

LANDLORD AND TENANT ⬤⇒169(5)—INJURIES TO TENANT—FAILURE TO REPAIR —EVIDENCE—ADMISSIBILITY.

In the actions of a tenant and his wife for injuries to the wife when struck by a falling baluster, it was error to exclude the tenant's testimony as to the condition of the entire balustrade, discovered by him immediately after the accident, where the condition might have been such as to impute notice to the landlord and establish negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665, 683; Dec. Dig. ⬤⇒169(5).]

Appeal from Trial Term, New York County.

Actions by Sophie Wiener and by Harry Wiener against Julius Raunheim and others. From judgments dismissing the complaints, plaintiffs appeal. Reversed, and new trials granted.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Edgar A. Pollack, of New York City, for appellants.
Edwin A. Jones, of New York City, for respondent.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LAUGHLIN, J. The plaintiffs in these actions are husband and wife. The actions were brought to recover on account of personal injuries sustained by the wife. They occupied an apartment on the ground floor of a four or five story tenement house at No. 27 Cannon street in the borough of Manhattan, New York. There were two apartments on the ground floor, and four on each of the upper floors. There was an open hallway extending from the ground floor to the top of the building, with an open winding stairway at the side. Along the open side of the stairway there was a railing, supported by ornamental wooden balusters 29 inches in length and about 2 inches in diameter. At about 7 o'clock on the evening of the 21st of May, 1914, the plaintiff Sophie Wiener, at the request of her husband, left their apartment and passed through the hallway to the street and to a drug store to obtain a bottle of soda water, and on returning with it, while passing through the hallway, she heard a noise as if something were falling from above, and on stopping and looking up she was struck on the head by one of these balusters, and sustained injuries which were sufficient, with respect to the question of damages, to afford a basis for a recovery in her own right and by her husband.

It is alleged in the complaint in each action that the defendants were the owners, landlords, and lessors of the building, and had the management and control of the building and premises, and reserved to themselves and exercised full control of the hallways, passageways, lobbies, staircases, bannisters, "and the supports thereof in said building." The summons and complaint in each action were served on the defendant Raunheim, and he interposed answers in which he admitted that the defendants, as executors and trustees of the estate of Adolphus Ottenberg, deceased, "had a general control of the public hallways and stairways used in common by the tenants and others as a means of access to and egress from the premises," but he denied the other allegations with respect to the ownership, possession, and control of the defendants.

The actions were tried together. The plaintiff Harry Wiener testified that he heard a noise "as if the whole staircase was falling down," and ran out of his apartment and saw his wife lying on the floor of the hall; that her head was bleeding, and a baluster from the stairway railing lay alongside of her; that he picked up the baluster and ran up the stairs, with a view to discovering where it came from, and he found the place where a baluster was missing and where it fitted in. He was then asked whether he found all the balusters supporting the balustrade in place, what he found when he went upstairs, where it was that he found the baluster missing, and that the baluster which he picked up from the floor of the hallway fitted in, and what he did with respect to measuring the holes, and, having testified that he took hold of the balusters as he ascended the stairs, he was also asked whether he found them loose or tight, and how they felt when he took hold of them, and whether they moved, and how far he ascended the stairs. All of these questions were objected to, some as immaterial, and others as incompetent, and they were all excluded, and an exception was taken in each instance to the ruling.

We are of opinion that this was error. The plaintiff in each action was nonsuited, evidently on the ground that no negligence on the part of the defendants was shown, and that is the theory advanced to support the judgment. If the witness had been permitted to testify, he might have shown a condition of the railings and balusters, from which it would be fairly inferable that they were in an unsafe condition generally, and that the baluster which fell was so loose that it would be fairly inferable that it had been loose for a length of time sufficient to charge the defendants with constructive notice. In view of the erroneous exclusion of this evidence, we refrain from expressing an opinion at this time as to whether, in view of the occupancy of the building by so many tenants, the rule of res ipsa loquitur would be applicable, and without further evidence than the mere falling of the baluster would warrant an inference of negligence as against the defendants.

It follows, therefore, that the judgment in each action should be reversed, and a new trial granted, with costs to appellants therein to abide the event. All concur.